IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jackie Austin,<br><br>          Plaintiff,<br><br>v.<br><br>Scotty Bodiford, *Jail Administrator*,<br><br>          Defendant. | C/A No. 3:25-cv-3880-SAL<br><br><br>**ORDER** |

  Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C § 1983. This matter is before the court for review of the June 12, 2025 Report and Recommendation of United States Magistrate Judge William S. Brown (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). In the Report, the magistrate judge recommends the court dismiss the action pursuant to 28 U.S.C. §§ 1915 and 1915A without prejudice, without further leave to amend, and without issuance and service of process. [ECF No. 14 at 9.] Attached to the Report was the Notice of Right to File Objections. *Id.* at 10. Plaintiff has not filed objections to the Report, and the time for doing so has lapsed.

## PROCEDURAL HISTORY

  On May 8, 2025, the court received a standard complaint form from Plaintiff and opened this action. [ECF No. 1.] On May 19, 2025, the court issued and mailed to Plaintiff a proper form order and an order directing Plaintiff he had twenty-one days to file an amended complaint. [ECF Nos. 7, 9.] On June 11, 2025, those orders were returned to the court as undeliverable with a handwritten note—"released from custody." [ECF No. 11.] The magistrate judge then issued his Report and an order advising Plaintiff to notify the court of any address changes. [ECF Nos. 13,

1

14.] These, too, were returned to the court as undeliverable. [ECF No. 17.] Because Plaintiff has failed to provide the court with his current mailing address, the court has no way of communicating with Plaintiff.

### REVIEWING THE MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

### CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, the complaint is **DISMISSED** without prejudice, without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

August 1, 2025                                          Sherri A. Lydon
Columbia, South Carolina                          United States District Judge